**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DANIEL K. MROCZKOWSKI, individually and on behalf of MROCZKOWSKI TRUCKING, INC., | CIVIL ACTION NO. 09-34 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| FEDEX GROUND PACKAGE SYSTEM, INC., |  |
| Defendant. |  |

**COOPER, District Judge**

Plaintiff, Daniel K. Mroczkowski, individually and on behalf of Mroczkowski Trucking, Inc., brought this action against defendant, FedEx Ground Package System, Inc., seeking (1) a judgment declaring an arbitration clause to be invalid, and (2) to recover damages for breach of contract.  (Dkt. entry no. 1, Compl.)  Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).  (Dkt. entry no. 18, Mot. to Dismiss.)  Plaintiff opposes the motion.  (Dkt. entry no. 21, Pl. Br.)  The Court determines the motion on briefs without an oral hearing, pursuant to Rule 78(b).  The Court, for the reasons stated herein, will (1) grant the part of the motion that seeks to dismiss the breach of contract claim for lack of jurisdiction, (2) deny the remaining parts of the motion without prejudice, and (3) dismiss the Complaint.

**BACKGROUND**

Plaintiff entered into a contract with defendant to work as a pickup and delivery driver ("Operating Agreement"). (Pl. Br. at 2-3.) The Operating Agreement contained a clause requiring that claims regarding termination of the Operating Agreement be submitted to arbitration ("Arbitration Clause"). (Id. at 3-4; dkt. entry no. 18, Def. Br., Ex. C, Operating Agreement at 32-35.) Defendant terminated the Operating Agreement on January 4, 2006. (Compl. at 3.) On January 23, 2006, plaintiff, represented by counsel, initiated an arbitration proceeding against defendant under the American Arbitration Association's Commercial Arbitration Rules, disputing termination of the Operating Agreement. (Def. Br. at 2; id., Ex. A, Demand for Arbitration.) After eight months of arbitration, and before a decision was rendered on the merits, plaintiff withdrew from the arbitration due to high costs and limited available recovery. (Compl. at 5; Pl. Br. at 4; Def. Br. at 2.) At no time during the arbitration proceeding did plaintiff contest the validity of the Arbitration Clause or object to the arbitrator's authority to decide the dispute. (Def. Br. at 2.)

Two years after withdrawing from the arbitration, plaintiff brought this action contesting the validity of the Arbitration Clause and seeking to recover damages for breach of contract. (See Compl. at 4-8.) The breach of contract claim pertains to

defendant's termination of the Operating Agreement. (Id. at 7-8.)  Defendant now moves to dismiss the Complaint pursuant to Rule 12(b)(1) and (6). (Mot. to Dismiss.)  Plaintiff opposes the motion. (See Pl. Br.)

**DISCUSSION**

**I.   Applicable Legal Standard**

   **A.   Rule 12(b)(1)**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction at any time. Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  A defendant may challenge subject matter jurisdiction through a facial or factual attack. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Under either challenge, the plaintiff bears the burden of demonstrating jurisdiction. Id. When reviewing a facial attack, a court assumes the allegations in the complaint are true and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

When reviewing a factual challenge, in contrast, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

3

jurisdictional claims."  Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (quotation and citation omitted).  A court may consider affidavits, depositions, and testimony to resolve factual issues, and weighs the evidence to satisfy itself as to the existence of its power to hear the case.  Iwanowa, 67 F.Supp.2d at 438.  This case concerns a factual challenge, and thus the Court may consider the documents attached to the pleadings.  See id.

    **B.   Arbitration Agreements**

Arbitration is a matter of contract, and arbitrators derive their authority from the parties' agreement to submit their dispute to arbitration.  Kaplan v. First Options of Chi., Inc., 19 F.3d 1503, 1512 (3d Cir. 1994) ("[N]o party can be forced to arbitrate unless that party has entered into an agreement to do so."), aff'd, 514 U.S. 938 (1995).  Arbitration agreements are enforceable to the same extent as other contracts, and there is a "strong federal policy in favor of the resolution of disputes through arbitration."  Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003).  A court will direct parties to proceed with arbitration if a dispute falls within the scope of the arbitration agreement.  See 9 U.S.C. § 3; Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005).  Before directing the parties to arbitration, a court must "determine that (1) a valid agreement to arbitrate exists, and (2) the

4

particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009); see also Sarbak v. Citigroup Global Mkts., Inc., 354 F.Supp.2d 531, 536 (D.N.J. 2004).

An arbitration agreement may be implied from the conduct of the parties. United Indus. Workers, Local 16 v. Gov't of the V.I., 987 F.2d 162, 168 (3d Cir. 1993); Teamsters Local Union No. 764 v. J.H. Merritt & Co., 770 F.2d 40, 42 (3d Cir. 1985). A party that voluntarily submits a dispute to arbitration, without contesting the arbitrability of the dispute, indicates, through its conduct, a clear intent to arbitrate the dispute. See United Indus. Workers, 987 F.2d at 168-69; Merritt, 770 F.2d at 42. A party is bound by the agreement to arbitrate even where the arbitration is abandoned before the arbitrator renders a decision on the merits. See A.G.K. Sarl v. A.M. Todd Co., No. 07-2727, 2008 WL 724607, at *8 (E.D. Pa. Mar. 18, 2008) (finding it immaterial that action did not involve final arbitration judgment and explaining that "[i]n all cases, the central question is whether the party opposing arbitration has already expressed its consent to arbitrate.").

A party also may waive the right to contest arbitrability of the dispute. A party waives the "right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration and failing to object on the

5

grounds that there was no agreement to arbitrate." United Indus. Workers, 987 F.2d at 168; see also Lucey v. FedEx Ground Package Sys., Inc., 305 Fed.Appx. 875, 878 (3d Cir. 2009) ("[A] party who voluntarily submits an issue to arbitration without challenging the arbitrability of that issue may be deemed to have waived judicial review." (internal quotation omitted)).  Where, however, a party challenges arbitrability of the dispute but still voluntarily participates in the arbitration, waiver of the objection will not be inferred.  Kaplan, 19 F.3d at 1510; Pa. Power Co. v. Local Union 272 of the Int'l Bhd. of Elec. Workers, 886 F.2d 46, 50 (3d Cir. 1989).

**II.  Legal Standards Applied Here**

    **A.   Existence of an Arbitration Agreement**

Defendant argues that plaintiff waived judicial review of his claim by initiating and participating in arbitration for over eight months without ever challenging arbitrability of the claim. (Def. Br. at 6.)  Defendant also asserts that plaintiff withdrew from the arbitration for reasons unrelated to arbitrability of the dispute.  (Id. at 11.) Plaintiff's conduct, defendant contends, created an agreement to arbitrate independent of the Arbitration Clause.  (Id. at 6, 9; dkt. entry no. 23, Def. Reply Br. at 1.)  According to defendant, plaintiff's conduct, not the Arbitration Clause, created the agreement to arbitrate.  (Def. Reply Br. at 1-2.)  Defendant argues that the breach of contract

6

claim in this action is the same claim plaintiff raised in arbitration, and thus must be submitted to arbitration pursuant to the arbitration agreement.  (Def. Br. at 9.)

Plaintiff argues that he only initiated the arbitration proceeding because of the Arbitration Clause, which he now contends is invalid.  (Pl. Br. at 7.)  Plaintiff also asserts that none of the cases cited by defendant involve a situation "where a party that initiated an arbitration proceeding mandated under an arbitration clause later determined to be unconscionable and unenforceable was precluded from challenging the validity of the agreement to arbitrate."  (Id. at 7-8.)  Further, plaintiff argues that he withdrew from the arbitration because of the unconscionable provisions in the Arbitration Clause.  (Id. at 9.)  Plaintiff also asserts that the Arbitration Clause is void and unenforceable.  (Id. at 10-15.)[1]

---

[1] Plaintiff relies on Lucey v. FedEx Ground Package Systems, Inc. in arguing that the Arbitration Clause is void as unconscionable. (Pl. Br. at 5, 10-15.)  In Lucey, the Third Circuit Court of Appeals affirmed a district court's determination that an arbitration clause similar to the one in this action was unconscionable. 305 Fed.Appx. at 876-78.  Lucey, however, did not involve an arbitration agreement based on the parties' initiation and participation in an arbitration without objection. See id.  Rather, the plaintiffs in Lucey participating in arbitration proceedings also challenged the validity of the arbitration agreement in those arbitration proceedings. Id.  That did not happen here.  Instead, plaintiff did not challenge the arbitrator's authority to decide the dispute or the validity of the Arbitration Clause during the arbitration proceeding.  (Def. Br. at 2, 9.)

7

The Court concludes that plaintiff manifested an agreement to arbitrate his breach of contract dispute by voluntarily initiating and participating in the arbitration without ever raising a challenge to the arbitrator's authority to decide the dispute or to the validity of the Arbitration Clause.  Here, plaintiff, on advice of counsel, voluntarily initiated an arbitration proceeding contesting termination of the Operating Agreement.  (See Pl. Br. at 4; Def. Br. at 2.)  Plaintiff proceeded with the arbitration for eight months and was represented by counsel during the entire period.  (See Pl. Br. at 4; Def. Br. at 2.)  At no time during the eight-month arbitration proceeding did plaintiff challenge the arbitrator's authority to decide the dispute or the validity of the Arbitration Clause.  (Def. Br. at 2.)  Plaintiff then withdrew from the arbitration because of "the prohibitive fees."  (Compl. at 5.)  The first time that plaintiff contested the arbitrability of this dispute was when he filed the Complaint in this action, which contains the same breach of contract claim brought in the arbitration proceeding.  (See id.; Def. Br. at 9.)

This conduct, not the Arbitration Clause, is the basis for the agreement to arbitrate this dispute.  Plaintiff could have objected to the arbitrator's authority to decide the matter at any time during the eight-month arbitration, but he did not do so.  See Kaplan, 19 F.3d at 1510 (allowing party objecting to

arbitrability of dispute to voluntarily participate in arbitration without waiving challenge).  Plaintiff could have challenged the validity of the Arbitration Clause at any time during the arbitration, but he did not do so.  See Lucey, 305 Fed.Appx. at 878 (allowing party to challenge written arbitration clause as unconscionable in federal court where party participated in arbitration for several months and contested validity of arbitration agreement in arbitration proceeding). Plaintiff could have initially brought his claim in federal court, rather than in arbitration, (subject to any opposition by defendant based on the Arbitration Clause) but he did not do so. See id. at 877 (noting that three plaintiffs did not begin arbitration proceedings, but rather challenged arbitration provision in federal court).

   The Court thus finds that plaintiff's conduct - initiating and participating in the arbitration proceeding without objection - manifested his clear intent to arbitrate the dispute.  See United Indus. Workers, 987 F.2d at 168 (finding plaintiff's conduct demonstrated "unmistakable intent to arbitrate" dispute where plaintiff initiated and fully participated in arbitration without objection to arbitrator's authority to decide dispute); Merritt, 770 F.2d at 42 (finding defendant's conduct manifested clear intent to arbitrate dispute where defendant voluntarily submitted dispute to arbitration and was represented at

arbitration by two employees with full authority to bind defendant); see also A.G.K. Sarl, 2008 WL 724607, at *5, *7-*8 (requiring plaintiff to submit dispute to arbitration where plaintiff initiated arbitration pursuant to arbitration clause, participated in arbitration for almost two years without objection, withdrew from arbitration before arbitrator issued award, and later attempted to contest validity of the arbitration clause in federal court).  The Court will hold plaintiff to the arbitration agreement and require that the breach of contract dispute be submitted to arbitration.  See A.G.K. Sarl, 2008 WL 724607, at *8 ("[I]t is the act of bringing and prosecuting the arbitration - regardless of motivation - that manifests the plaintiff's consent to arbitration and therefore binds the plaintiff to arbitrate.").

   The Court notes that because this arbitration agreement is based solely on plaintiff's conduct, and not on the Arbitration Clause, the limitations on arbitration found in the Arbitration Clause do not apply to the arbitration of this dispute.  Rather, the arbitration should proceed under the American Arbitration Association's Commercial Arbitration Rules, as requested in the Demand for Arbitration.  (See Demand for Arbitration.)

   **B.   Scope of Arbitration Agreement**

   The Court also finds that the scope of the arbitration agreement includes the breach of contract claim brought in this

10

action. In the Demand for Arbitration, plaintiff indicated that the dispute involved his wrongful termination in violation of the Operating Agreement, policy, and implied covenants. (See Demand for Arbitration.) Plaintiff's breach of contract claim also pertains to defendant's termination of the Operating Agreement. (See Compl. at 7-8.) Thus, the breach of contract claim is within the scope of the arbitration agreement and must be submitted to arbitration. Plaintiff's claim for a judgment declaring the Arbitration Clause to be invalid, however, is outside the scope of the arbitration agreement. See Trippe Mfg. Co., 401 F.3d at 532 (instructing court to determine on issue-by-issue basis whether claim is within scope of arbitration agreement). There is no requirement that this claim be arbitrated.

The Court, however, will dismiss Count I of the Complaint sua sponte as moot. See Zen Invs., LLC v. Unbreakable Lock Co., 276 Fed.Appx. 200, 201 (3d Cir. 2008) (stating action must be dismissed as moot where developments occur during litigation that prevent court from being able to grant requested relief). Count I of the Complaint seeks a judgment declaring the Arbitration Clause to be invalid and permitting plaintiff to proceed with his breach of contract claim in federal court. (See Compl. at 4-6.) The Court, however, has concluded that the breach of contract claim must be arbitrated because plaintiff's conduct created an

11

agreement to arbitrate the dispute.  A determination that the Arbitration Clause is invalid will not allow plaintiff to avoid arbitration and proceed in federal court since it was his conduct, not the Arbitration Clause, that forms the basis of the arbitration agreement.  Thus, the Court concludes that Count I of the Complaint is moot and will dismiss it.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the part of the motion seeking to dismiss the breach of contract claim for lack of jurisdiction, (2) deny the remaining parts of the motion without prejudice, and (3) dismiss the Complaint.  The Court will issue an appropriate order and judgment.


                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated: May 8, 2009